149 F.3d 1051
 57 Soc.Sec.Rep.Ser. 821, Unempl.Ins.Rep. (CCH) P 16056B,
98 Cal. Daily Op. Serv. 5814,
98 Daily Journal D.A.R. 8073
Judy CORBIN, Plaintiff-Appellant,
v.
Kenneth S. APFEL,* Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 97-15489.
 United States Court of Appeals,
Ninth Circuit.
 Submitted June 12, 1998.
Decided July 28, 1998.
 
 Richard E. Donaldson, Las Vegas, Nevada, for plaintiff-appellant.
 Michael R. Power, Assistant Regional Counsel, Social Security Administration, San Francisco, California, for defendant-appellee.
 Appeal from the United States District Court * for the District of Nevada Lloyd D. George, District Judge, Presiding. D.C. No. CV-94-00327-LDG.
 Before: BROWNING and SNEED, Circuit Judges, and ZAPATA,** District Judge.
 SNEED, Circuit Judge:
 Judy Corbin appeals the district court's denial of her request in a Social Security disability action for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 1
 Corbin argues that, in considering her fee request, the district court erred by focusing on whether the government's position as to the question of her disability was substantially justified. Instead, she claims that the court should have focused on whether the government's decision to defend on appeal procedural errors made by the Administrative Law Judge who reviewed her case was substantially justified. Because the errors made by the ALJ--a failure to make key findings and weigh basic evidence--were fundamental to the decision-making process at the agency level, we agree, and reverse and remand to the district court.
 
 I.
 FACTUAL AND PROCEDURAL BACKGROUND
 
 2
 Judy Corbin ("Corbin") filed a claim for Social Security Disability benefits and Supplemental Security Income with the Commissioner of the Social Security Administration ("the Commissioner"). At the time of the claim, Corbin was 39 years old, but claimed a variety of ailments which allegedly prohibited her from engaging in regular work. The claim for benefits was ultimately denied by an Administrative Law Judge ("ALJ") assigned to the case.
 
 
 3
 The district court affirmed the ALJ decision, and Corbin appealed to the Ninth Circuit. Corbin v. Chater, No. 95-15482, 1996 WL 396726 (9th Cir.1996). This court, in an unpublished memorandum disposition, reversed and remanded the case to the Commissioner for further hearings because it found that the ALJ committed two errors. Specifically, the ALJ failed to determine whether Corbin's testimony regarding "excess pain" she suffered as a result of her medical problems was credible, and whether one of her doctors--who had ordered her to lift no more than five pounds--had intended the lifting restriction to be temporary or permanent.
 
 
 4
 Corbin then filed a motion in district court for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). That statute states that a court shall award fees to a prevailing party in any civil action brought by or against the United States "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The district court denied the motion on the grounds that the ALJ did not lack evidence regarding the two issues in which it failed to make determinations. Rather, the ALJ failed to properly evaluate that evidence. The district court then held that when there is "some evidence" supporting the original denial of benefits the government's position is "substantially justified" and fees are not warranted. This timely appeal ensued.
 
 II.
 STANDARD OF REVIEW
 
 5
 This court reviews a district court's denial of an EAJA claim for abuse of discretion. Sampson v. Chater, 103 F.3d 918, 921 (9th Cir.1996).
 
 III.
 DISCUSSION
 
 6
 "Substantial justification" under the EAJA means that the government's position must have a reasonable basis in law and fact. Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (holding that the "substantially justified" test is equivalent to the "reasonable basis both in law and fact" formulation previously utilized in the Ninth Circuit); Kali v. Bowen, 854 F.2d 329, 331 (9th Cir.1988). Substantial justification does not mean "justified to a high degree," but simply entails that the government must show that its position meets the traditional reasonableness standard--that it is "justified in substance or in the main," or "to a degree that could satisfy a reasonable person." Underwood, 487 U.S. at 565, 108 S.Ct. 2541. The government's position must be "substantially justified" at "each stage of the proceedings." Williams v. Bowen, 966 F.2d 1259, 1261 (9th Cir.1991).
 
 
 7
 On this much the parties agree. Their conflict hinges not on the determination of the proper test, but rather on the question of what government position it is that the court must examine in search of "substantial justification." The Commissioner argues that the government's position as to whether Corbin is actually disabled is what is truly at issue. Corbin asserts that the court should look to the government's decision to defend on appeal the procedural errors committed by the ALJ.
 
 
 8
 Corbin's position is correct. See Sampson v. Chater, 103 F.3d 918, 921-22 (9th Cir.1996) (finding no substantial justification where the ALJ failed to make necessary inquiries of the claimant and his mother and neglected to adequately examine evidence); Flores v. Shalala, 49 F.3d 562, 569-71 (9th Cir.1995) (holding that the government's decision to oppose claimant's remand request on appeal was not substantially justified when the ALJ failed to consider a "vocational report" bearing on the issue of disability).
 
 
 9
 The Commissioner's position, one shared by the district court, is an accurate interpretation of what was previously considered the law of this circuit. See, e.g., Albrecht v. Heckler, 765 F.2d 914, 916 (9th Cir.1985) (ruling that when "the ALJ is reversed for a failure to weigh conflicting medical evidence properly, an award of fees is inappropriate"); Wolverton v. Heckler, 726 F.2d 580, 583 (9th Cir.1984) (awarding fees because "[t]he ALJ was not reversed for improper balancing, but because there was no evidence contradicting the medical experts' unanimous finding of disability").
 
 
 10
 However, following the Supreme Court's ruling in Shalala v. Schaefer, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), it became possible for a claimant to be deemed a "prevailing party" for EAJA purposes prior to the ultimate disposition of his disability claim. In other words, a party is eligible for fees under EAJA if he wins at any intermediate stage in the proceedings--for instance, by obtaining a remand from the appeals court, as occurred in the present case. As a result, a logical shift in focus within the circuit has occurred--from considering only the ultimate issue of disability to considering the justification of the government's position at the discrete stage in question. See Flores, 49 F.3d at 570. Whether the claimant is ultimately found to be disabled or not, the government's position at each stage must be "substantially justified."
 
 
 11
 Applying this standard to the present case, it seems clear that the government's position can not be considered "substantially justified." The procedural errors committed by the district court--a failure to make findings and weigh evidence--are serious ones. Allegations of excess pain may be discredited only by specific findings, Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir.1991), and a reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection of a claimant's allegations of disabling pain. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983). Indeed, "[t]he failure of ALJs to make [specific] findings in disability cases is among the principal causes of delay and uncertainty in this area of the law." Murray, 722 F.2d at 502, citing Chiappa v. Secretary of Dep't of HEW, 497 F.Supp. 356, 358 (S.D.N.Y.1980). While the government's defense on appeal of an ALJ's procedural error does not automatically require a finding that the government's position was not substantially justified, the defense of basic and fundamental errors such as the ones in the present case is difficult to justify.
 
 
 12
 In such circumstances, an award of fees properly apportioned to pursuing the stages of the case in which in the government lacked substantial justification--in this instance, the original appeal of the ALJ's decision, the district court's consideration of the procedural errors and fee request on remand, and this appeal--are appropriate. See Flores, 49 F.3d at 566-71.
 
 
 13
 Therefore, we reverse and remand to the district court for consideration in accord with this opinion.
 
 
 14
 REVERSED AND REMANDED.
 
 
 
 *
 Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997. Pursuant to Rule 43(c)(1) of the Federal Rules of Appellate Procedure, Kenneth S. Apfel is substituted for John J. Callahan as the defendant-appellee in this appeal
 
 
 **
 Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation