**Ann M. THARP, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.**

No. 03–15648.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 2004.*

Decided Nov. 8, 2004.

■

---

* This panel unanimously finds this case suit-    able for decision without oral argument.

Mark Ross Caldwell, Esq., Caldwell & Ober PLLC, Phoenix, AZ, for Plaintiff–Appellant.

Michael R. Arkfeld, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Defendant–Appellee.

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Before: HALL, BRUNETTI, and GRABER, Circuit Judges.

## MEMORANDUM **

Plaintiff Ann M. Tharp appeals from the district court's order denying her motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). We review for abuse of discretion. *Corbin v. Apfel,* 149 F.3d 1051, 1052 (9th Cir.1998).

In the district court proceedings on the merits, Plaintiff argued that the administrative law judge (ALJ) erred both in rejecting the opinion of one of her treating physicians, Dr. Brainard, and in rejecting Plaintiff's excess pain testimony. The district court held that the ALJ properly rejected Dr. Brainard's medical opinion, but that the ALJ failed to give "clear and convincing" reasons to support the credibility determination with respect to Plaintiff's testimony.

Plaintiff now asserts that the district court abused its discretion by basing its denial of attorney's fees solely on its earlier holding that the ALJ did not err in rejecting Dr. Brainard's medical opinion. In so doing, Plaintiff argues, the district court failed to consider the ALJ's rejection of the Plaintiff's excess pain testimony and, therefore, failed to consider "whether the position of the government was, *as a whole,* substantially justified." *Gutierrez v. Barnhart,* 274 F.3d 1255, 1258–59 (9th Cir.2001) (internal quotation marks omitted). We disagree.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The district court's order denying the motion for attorney's fees focuses on the legal errors the ALJ made "in determining the plaintiff's residual functional capacity *and in assessing the plaintiff's credibility.*" Fairly read, the order concludes that the Commissioner was substantially justified in defending the ALJ's rejection of Plaintiff's testimony because (1) one of Plaintiff's treating physician's concluded that she was capable of performing her past relevant work; (2) there was "minimal objective medical evidence in this record" supporting Plaintiff's testimony; and (3) Plaintiff's testimony was "conclusory."

Plaintiff makes no other arguments with respect to the propriety of the district court's order denying attorney's fees. We need not consider potential issues that are not specifically raised and argued in Plaintiff's briefs. *United States v. Montoya*, 45 F.3d 1286, 1300 (9th Cir.1995).

AFFIRMED.