**Joan Riley JAGER, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.**

No. 07–35211.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2008.*

Filed July 23, 2008.

Eitan Kassel Yanich, Esq., Olympia, WA, for Plaintiff–Appellant.

Richard M. Rodriguez, Esq., SSA–Social Security Administration, Office of the General Counsel, Brian C. Kipnis, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: CLIFTON and N.R. SMITH, Circuit Judges, and SEABRIGHT,** District Judge.

MEMORANDUM ***

Joan Jager appeals the district court's denial of her motion under the Equal Access to Justice Act for attorneys' fees accrued in connection with proceedings that led to a prior decision by this court. *See* 28 U.S.C. § 2412; *Jager v. Barnhart,* 192 Fed.Appx. 589 (9th Cir.2006). We reverse.

We review a district court's denial of attorneys' fees under the EAJA for abuse of discretion. *See Pierce v. Underwood,* 487 U.S. 552, 559, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). A district court abuses its discretion when it bases its ruling on "an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

The EAJA provides that, in claims against the government, "a court shall

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable J. Michael Seabright, United States District Judge, District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified...." 28 U.S.C. § 2412(d)(1)(A). The government does not dispute that Jager is a prevailing party. *See Shalala v. Schaefer,* 509 U.S. 292, 301, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). The sole issue is whether the district court abused its discretion by denying fees based on its conclusion that the government's position was "substantially justified." We conclude that it did.

When assessing EAJA fee applications for cases that have been remanded because of an administrative law judge's procedural error, "the relevant question is whether the government's decision to defend on appeal the procedural errors committed by the ALJ was substantially justified." *Shafer v. Astrue,* 518 F.3d 1067, 1071 (9th Cir.2008) (citing *Corbin v. Apfel,* 149 F.3d 1051, 1052–53 (9th Cir.1998)). This court remanded Jager's case because of the ALJ's procedural errors, but the district court did not focus on the government's defense of those errors. Instead, the district court based its decision largely on Jager's underlying disability claim, concluding that the government's position defending the ALJ's "overall" decision (that Jager was not disabled) was "grounded in law and fact." Jager, however, can be a prevailing party entitled to apply for fees under the EAJA regardless of whether she ultimately succeeds in obtaining disability benefits. *See Shalala,* 509 U.S. at 300–01, 113 S.Ct. 2625. The district court therefore applied an erroneous view of the law.

Further, in Jager's case, the government was not substantially justified in defending the ALJ's procedural errors. The defense of "basic and fundamental errors" are "difficult to justify." *Corbin,* 149 F.3d at 1053. The ALJ in Jager's case commit-

ted some of the same procedural errors this court held in *Shafer* to be "fundamental." *See Shafer,* 518 F.3d at 1072 (holding that errors such as failing to provide clear and convincing reasons for discrediting a claimant's subjective complaints, rejecting a treating physician's opinion in favor of a nontreating physician's opinion without providing clear and convincing reasons, and erring in assessing the claimant's residual functioning capacity are "fundamental").

We therefore conclude that Jager is entitled to an award of fees under the EAJA. This matter is referred to the Appellate Commissioner to determine the amount of attorneys' fees, pursuant to Circuit Rule 39–1.9. *See Orn v. Astrue,* 511 F.3d 1217, 1220 (9th Cir.2008).

**REVERSED and REFERRED to the Appellate Commissioner.**