**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRENCE J. PECK,<br><br>        Plaintiff - Appellant,<br><br>    v.<br><br>SOCIAL SECURITY<br>ADMINISTRATION, Commissioner<br>Social Security Administration,<br><br>        Defendant - Appellee. | No. 08-17777<br><br>D.C. No. 3:04-cv-02283-FJM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted May 12, 2010[**]
San Francisco, California

Before: HUG, RYMER and McKEOWN, Circuit Judges.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Terrence J. Peck appeals the district court's denial of his motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A).[1]  We affirm.

The district court's decision was not based on an erroneous conclusion of law, or without rational basis in the record, as Peck maintains.  The fact that Peck prevailed raises no presumption that the government's position was not substantially justified.  *Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988).  Rather, for reasons the district court explained, the ALJ's rejection of Dr. Soscia's opinion and discounting of Peck's subjective complaints, and the government's defense of the ALJ's decision, were based in the record even though this court ultimately disagreed with the ALJ's assessment.  *See Pierce v. Underwood*, 487 U.S. 552, 569 (1988).  The cases upon which Peck relies are distinguishable in that the ALJ here did not fail to do anything that he was supposed to do.  *Cf. Shafer v. Astrue*, 518 F.3d 1067, 1072 (9th Cir. 2008); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001).  The district court did not err in determining that the government's

---

[1]  We are concerned about the appellant's briefing in this case.  The first version of the opening brief that was filed was fatally deficient, as were the next two.  The hard copy of the fourth was the brief filed in a separate case which failed to track this case at all.  Filing non-compliant briefs is unacceptable.  Counsel are admonished to review the Federal Rules of Appellate Procedure, and to adhere scrupulously to their requirements.

position was substantially justified.  Accordingly, it did not abuse its discretion in denying Peck's motion for attorney's fees.

AFFIRMED.