**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RHONDA L. O'NEAL,

              Plaintiff - Appellant,

  v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

              Defendant - Appellee.

No. 11-35076

D.C. No. 2:08-cv-01696-JLR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted January 11, 2012[**]
Seattle, Washington

Before: TASHIMA, GRABER, and RAWLINSON, Circuit Judges.

Appellant Rhonda L. O'Neal (O'Neal) was successful in a previous appeal

to this court, receiving an award of social security benefits. *See O'Neal v. Astrue*,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

391 Fed. Appx. 614 (9th Cir. 2010) (unpublished decision). O'Neal now challenges the district court's denial of her motion for attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d). O'Neal argues that the district court erred in finding that the Commissioner's position was substantially justified. We review a district court's finding that the Commissioner's position was substantially justified for abuse of discretion. *See Hardisty v. Astrue*, 592 F.3d 1072, 1079-80 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 2443 (2011).

Where the Commissioner defends "basic and fundamental errors," his defense often lacks substantial justification. *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998). Defense of an administrative law judge's (ALJ's) failure to comply with laws or regulations also lacks substantial justification. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1259-60 (9th Cir. 2001). On the other hand, where resolution of the case turns on the weight and evaluation of the evidence, as in this case, the Commissioner's defense of the ALJ's findings ordinarily is substantially justified. *See Lewis v. Barnhart*, 281 F.3d 1081, 1084, 1086 (9th Cir. 2002).

The prior panel did not conclude that the ALJ had violated governing laws or regulations in resolving O'Neal's claim, as in *Corbin* and *Gutierrez. See O'Neal*, 391 Fed. Appx. at 618. The panel simply disagreed with the ALJ's reasoning that evidence of O'Neal's other activities discredited the treating

2

physicians' assessments and the daughter's testimony. *See id.* at 617-18. In sum, the panel held that the ALJ weighed the evidence incorrectly. *See id.* at 618.

Additionally, the fact that the panel was divided, while not conclusive, supports the conclusion that the Commissioner's position was substantially justified. *See Gonzales v. Free Speech Coalition*, 408 F.3d 613, 619 (9th Cir. 2005) (acknowledging the "significance of a split decision" in the reasonableness analysis) (citation omitted). Thus, because the previous panel reversed the ALJ's decision based on a differing interpretation of the evidence, and because the judicial views on the Commissioner's position were not unanimous, it was not an abuse of discretion for the district court to find the Commissioner's position substantially justified.

**AFFIRMED.**