**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PATRICIA ANN SEXTON,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant - Appellee. | No. 10-56464<br><br>D.C. No. 5:09-cv-01951-E<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Charles F. Eick, Magistrate Judge, Presiding

Submitted February 13, 2012**
Pasadena, California

Before:     FARRIS and W. FLETCHER, Circuit Judges, and KORMAN,
Senior District Judge.***

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Edward R. Korman, Senior United states District Judge for the Eastern District of New York, sitting by designation.

Plaintiff-Appellant Patricia Ann Sexton ("Sexton") appeals the denial of her request for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). She contends that the government's "position" was not "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A). There is no dispute that Sexton is a "prevailing party" for purposes of the EAJA.

"Substantially justified means justified in substance or in the main — that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). In reviewing a district court's denial of EAJA fees in a case where, as here, the district court reversed the decision of an Administrative Law Judge ("ALJ") on account of procedural errors, the relevant question is not whether the government's position on the merits of the plaintiff's claim was substantially justified but, rather, "whether the government's decision to defend on appeal the procedural errors committed by the ALJ was substantially justified." *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008).

"To reject the opinion of a treating physician which conflicts with that of an examining physician, the ALJ must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks

2

and citations omitted).  In evaluating Sexton's application for disability benefits, the ALJ rejected the opinion of a treating physician, Dr. Raval, because the opinion was "based solely on the claimant's subjective complaints" and was "not supported by the objective evidence."  The district court reversed and remanded, concluding that the ALJ's stated reasons for rejecting the opinion were insufficiently specific and that the ALJ should have tried to clarify the basis for Dr. Raval's opinion. Nevertheless, the district court concluded that the government was substantially justified in its decision to defend the ALJ's action.

The district court did not abuse its discretion in determining that the government's position in this case was substantially justified.  In *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988), we noted: "[t]o say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required."  However, the government could reasonably have found *Embrey* distinguishable.  Sexton's other objections to the district court's decision are unavailing.

**AFFIRMED**.