**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHEILA KINZER,<br><br>           Plaintiff - Appellant,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY<br><br>           Defendant - Appellee. | No. 12-16345<br><br>D.C. No. 11-00328-PHX-JAT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted March 12, 2014
San Francisco, California

Before:     McKEOWN and GOULD, Circuit Judges, and QUIST, Senior District
Judge.[**]

Sheila Kinzer appeals the district court's decision affirming the

Commissioner of Social Security's denial of disability insurance benefits.  We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Gordon J. Quist, Senior District Judge for the United
States District Court for the Western District of Michigan, sitting by designation.

review the district court's order de novo.  *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

1.      The Administrative Law Judge (the "ALJ") erred in rejecting the treating source medical opinions of Dr. Matthew J. Ross and Dr. Michael S. Biscoe for two reasons.  First, even though Ross's and Biscoe's opinions were not entitled to controlling weight, the ALJ was still required to give deference to and accord some weight to their opinions. *See* SSR 96-2p, 1996 WL 374188 (July 2, 1996) ("Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 . . . .").  He did not.

Second, and independent of the first error, the ALJ failed to provide specific and legitimate reasons for rejecting Ross's and Biscoe's opinions.  *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) ("Even if the treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record.") (internal quotation marks and citations omitted) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).  Indeed, the ALJ concluded—without any explanation—that Ross's opinion was "not well-supported by the . . . other objective findings in the case record," and that Biscoe's opinion "contrast[ed] sharply with the other evidence of record."  These conclusions were insufficient to

2

dispose of the treating doctor's opinions. *See Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings . . . does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim.").

2.      Even though the ALJ rejected Ross's and Biscoe's opinions without providing legally sufficient reasons, the credit-as-true rule does not apply in this case because there are outstanding issues that must be resolved before a proper disability determination can be made—namely, the proper evaluation and resolution of the conflicting medical opinions of the various treating doctors. *See Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1398–1401 (9th Cir. 1988).

3.      The ALJ erred in expressing Kinzer's residual functional capacity without first making a function-by-function assessment of her limitations or restrictions pursuant to SSR 96-8p, 1996 WL 374184 (July 2, 1996). This is reversible error. *See Shafer v. Astrue*, 518 F.3d 1067, 1070 (9th Cir. 2008).

\* \* \*

We therefore reverse the decision of the district court and remand this case to the district court with instructions to remand to the Commissioner for further proceedings. On remand, the district court should instruct the ALJ to (1) accord

3

proper weight to Ross's and Biscoe's opinions using the factors provided in 20 C.F.R. § 404.1527; (2) provide specific and legitimate reasons if the ALJ decides to reject those opinions; and (3) make a function-by-function assessment of Kinzer's residual function capacity.

**REVERSED and REMANDED.**

Kinzer v. Colvin, No. 12-16345

GOULD, Circuit Judge, concurring in part and concurring in the judgment:

I concur in the judgment reached by the court, and also concur in all of the memorandum disposition except Part 2 dealing with the credit-as-true rule. Although the panel concludes that rule does not apply in this case, it is my view that a credit-as-true rule is not consistent with normal administrative law principles. I recognize that the panel is bound by prior Ninth Circuit precedent, and my position may require review by an en banc panel or the Supreme Court in some other case where the credit-as-true rule is applied on a Social Security case remand. In my view, in almost all cases remands to an administrative agency should be on an open record. *Cf. Soto-Olarte v. Holder*, 555 F.3d 1089, 1095-96 (9th Cir. 2009).