MEMORANDUM **
Sheila Kinzer appeals the district court’s decision affirming the Commissioner of Social Security’s denial of disability insurance benefits. We review the district court’s order de novo. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir.2004).
1. The Administrative Law Judge (the “ALJ”) erred in rejecting the treating *530 source medical opinions of Dr. Matthew J. Ross and Dr. Michael S. Biscoe for two reasons. First, even though Ross’s and Biscoe’s opinions were not entitled to controlling weight, the ALJ was still required to give deference to and accord some weight to their opinions. See SSR 96-2p, 1996 WL 374188 (July 2, 1996) (“Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527.... ”). He did not.
Second, and independent of the first error, the ALJ failed to provide specific and legitimate reasons for rejecting Ross’s and Biseoe’s opinions. See Orn v. Astrue, 495 F.3d 625, 632 (9th Cir.2007) (“Even if the treating doctor’s opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record.”) (internal quotation marks and citations omitted) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir.1998)). Indeed, the ALJ concluded — without any explanation — that Ross’s opinion was “not well-supported by the ... other objective findings in the case record,” and that Biscoe’s opinion “contrast[ed] sharply with the other evidence of record.” These conclusions were insufficient to dispose of the treating doctor’s opinions. See Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir.1988) (“To say that medical opinions are not supported by sufficient objective findings ... does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim.”).
2. Even though the ALJ rejected Ross’s and Biscoe’s opinions without providing legally sufficient reasons, the credit-as-true rule does not apply in this case because there are outstanding issues that must be resolved before a proper disability determination can be made — namely, the proper evaluation and resolution of the conflicting medical opinions of the various treating doctors. See Varney v. Sec’y of Health & Human Servs., 859 F.2d 1396, 1398-1401 (9th Cir.1988).
3. The ALJ erred in expressing Kin-zer’s residual functional capacity without first making a function-by-function assessment of her limitations or restrictions pursuant to SSR 96-8p, 1996 WL 374184 (July 2, 1996). This is reversible error. See Shafer v. Astrue, 518 F.3d 1067, 1070 (9th Cir.2008).
We therefore reverse the decision of the district court and remand this case to the district court with instructions to remand to the Commissioner for further proceedings. On remand, the district court should instruct the ALJ to (1) accord proper weight to Ross’s and Biscoe’s opinions using the factors provided in 20 C.F.R. § 404.1527; (2) provide specific and legitimate reasons if the ALJ decides to reject those opinions; and (3) make a function-by-function assessment of Kinzer’s residual function capacity.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.