**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 08 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARTHUR M. SANCHEZ, Plaintiff - Appellant, v. CAROLYN W. COLVIN, Commissioner of Social Security, Defendant - Appellee. | No. 12-15708 D.C. No. 2:10-cv-01460-JWS MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Argued and Submitted November 8, 2013
San Francisco, California

Before: NOONAN and WATFORD, Circuit Judges, and LYNN, District Judge.**

This Court reviews the district court's denial of Appellant Arthur Sanchez's

claim for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Barbara M. G. Lynn, District Judge for the U.S. District Court for the Northern District of Texas, sitting by designation.

U.S.C. § 2412, for an abuse of discretion. <u>Corbin v. Apfel</u>, 149 F.3d 1051, 1052 (9th Cir. 1998). The EAJA provides for an award of reasonable attorney's fees:

> [T]o a prevailing party . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Thus, to analyze when fees are available under the EAJA, the Court must determine whether the "position of the United States was substantially justified." <u>Id.</u> The "position of the United States" means both "the position taken by the United States in the civil action," and "*the action or failure to act by the agency upon which the civil action is based*." <u>Meier v. Colvin</u>, 727 F.3d 867, 870 (9th Cir. 2013) (citing 28 U.S.C. § 2412(d)(2)(D)) (internal quotation marks omitted). As this Court has previously held, the ALJ's decision is, in the social security context, "the action or failure to act by the agency upon which the civil action is based." <u>Id.</u> (internal citation and quotation marks omitted).

"Substantially justified" has been held by this Court to mean "justified to a degree that could satisfy a reasonable person," which requires a reasonable basis in

both law and fact.  Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001) (internal citation and quotation marks omitted).

Because this Court concludes that the government was not substantially justified in taking its original action at the administrative level–i.e., the position that resulted in the ALJ's initial decision finding Sanchez not disabled–this Court concludes that the district court abused its discretion in denying Sanchez's motion for attorney's fees.  See Hardisty v. Astrue, 592 F.3d 1072, 1076-77 (9th Cir. 2010); Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988).

The ALJ made serious, fundamental errors in initially finding Sanchez not disabled.  This Court concludes, as did the district court, that the ALJ erred by: (1) failing to explain his conclusion that Sanchez's condition did not meet or equal a listed impairment at step 3; (2) failing to consider the opinion of Dr. Keller that Sanchez was permanently disabled, or at the very least, failing to specify any reasons for rejecting Dr. Keller's opinion; and (3) assigning to Sanchez an incorrect educational level and failing to consider all applicable age categories at step 5.

These errors left the ALJ's decision without substantial justification.  See Meier, 727 F.3d at 870-72; cf. Corbin, 149 F.3d at 1053; Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995).  The district court, thus, abused its discretion in failing

to award Sanchez attorney's fees that he incurred in petitioning the district court to review the ALJ's decision.

Accordingly, this case is remanded to the district court for an award of Sanchez's attorney's fees.

**REVERSED AND REMANDED**.