**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARTIN A. SCHIAFFINO,

          Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

          Defendant-Appellee.

No.    20-35894

D.C. No. 3:17-cv-05541-RSM

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Argued and Submitted December 8, 2021
Seattle, Washington

Before:  McKEOWN and BADE, Circuit Judges, and FITZWATER,** District Judge.

In *Schiaffino v. Saul*, 799 F. App'x 473 (9th Cir. 2020), a panel of this court

reversed the district court's affirmance of the Commissioner of Social Security's

("Commissioner's") final decision denying the application of plaintiff-appellant

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Martin A. Schiaffino ("Schiaffino") for disability benefits and remanded for further proceedings. On remand, Schiaffino applied for an award of attorney's fees, costs, and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The district court awarded costs and expenses (the Commissioner did not oppose this request), but denied Schiaffino's request for attorney's fees. Schiaffino appeals. We have jurisdiction under 28 U.S.C. § 1291.

Under the EAJA, with exceptions not relevant here, "a court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government (here, the Commissioner) has the burden of proving that the positions of the Commissioner and the administrative law judge were substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005). "The decision whether to award fees under the EAJA, including the district court's conclusion that the government's position was substantially justified, is reviewed for abuse of discretion." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Because the Commissioner failed to meet her burden of proof, the district court abused its discretion when it denied Schiaffino's request for attorney's fees. *See Shafer v. Astrue*, 518 F.3d 1067, 1072 (9th Cir. 2008). Accordingly, we reverse the

district court's order denying an award of attorney's fees and remand for the district court to make such an award.[1]

**REVERSED AND REMANDED**.

---

[1] The Commissioner's unopposed motion to take judicial notice [Dkt. No. 29] is GRANTED.