MEMORANDUM **
Plaintiff-Appellant Thomas Morris appeals the district court’s decision upholding the Commissioner of the Social Security Administration’s denial of benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and “[w]e review the district court’s order affirming the ALJ’s denial of social security benefits de novo.” Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir.2008). Because the Administrative Law Judge (“ALJ”) failed to provide clear and convincing reasons for discrediting Morris’s testimony, we reverse and remand for an award of benefits.
The ALJ found Morris’s testimony “not wholly credible and somewhat inconsistent.” In general, “questions of credibility and resolution of conflicts in the testimony are functions solely for” the ALJ. Parra v. Astrue, 481 F.3d 742, 750 (9th Cir.2007) (internal quotation marks omitted). However, “[wjhile an ALJ may certainly find testimony not credible and disregard it ... we cannot affirm such a determination unless it is supported by specific findings and reasoning.” Robbins v. Soc. Sec. Admin., 466 F.3d 880, 884-85 (9th Cir.2006). “To determine whether a claimant’s testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis.” Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir.2007). “First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment ‘which could reasonably be expected to produce the pain or other symptoms alleged.’” Id. at 1036 (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir.1991)). Second, if “there is no affirmative evidence of malingering, the ALJ can reject the claimant’s testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.” Tommasetti, 533 F.3d at 1039 (internal quotation marks omitted).
The ALJ found that the medical evidence established that Morris suffers from fibromyalgia, sleep apnea, and obesity. These impairments “could reasonably be expected to produce the. pain or other symptoms alleged.” The first step was therefore satisfied here.
Because there was no affirmative evidence of malingering, the clear and convincing standard applies. The ALJ’s purported reasons for discrediting Morris’s testimony, even when viewed collectively, fall short of this standard, which “is the most demanding required in Social Security cases.” Moore v. Comm’r of the Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir.2002).
First, the ALJ appears suspicious of Morris’s testimony that he “must rely on his wife to remember things,” given that his wife has a disabling mental impairment. Yet the ALJ does not explain why Morris’s reliance on his wife impugns his credibility. Nothing in Morris’s testimony suggests that his wife’s mental impairment affects her memory, nor is there anything unusual about spouses relying on each other to keep track of appointments, medications, or any number of other things.
Second, the ALJ states that “[t]he medical evidence contains scant physical and mental findings and fails to establish the *586 claimant is so incapacitated.” The ALJ, however, fails to “identify what testimony is not credible and what evidence undermines the claimant’s complaints.” Reddick v. Chater, 157 F.3d 715, 722 (9th Cir.1998) (internal quotation marks omitted); see also Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir.1996) (“The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion.”). The ALJ failed to point to any specific evidence that cast doubt on the genuineness of Morris’s subjective symptoms.
Third, the ALJ observes that Morris “takes only Bextra for his fibromyalgia,” implying that such treatment is inconsistent with the alleged severity of his impairments. “We have previously indicated that evidence of ‘conservative treatment’ is sufficient to discount a claimant’s testimony regarding severity of an impairment.” Parra, 481 F.3d at 751. Yet there is no indication, in the ALJ’s opinion or in the record, that Bextra is a conservative or inappropriate method of treating fibro-myalgia. On the contrary, examining physician Dr. Bressler stated that Morris “is being treated in a usual manner for” fibro-myalgia.
Fourth, the ALJ noted that Morris’s “sleep apnea is mild, and he reported to Dr. Bressler that this condition is not being treated.” Although an ALJ may consider “whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment,” Lingenfelter, 504 F.3d at 1040 (emphasis added), there is no evidence of such a failure in this case. Moreover, sleep apnea is not the sole source of Morris’s pain and other disabling symptoms; he also suffers from fibromyal-gia, depression, obesity, and carcinoma. Thus, the fact he is not being treated for his sleep apnea is not inconsistent with his testimony of disabling symptoms, which could be caused by his other impairments.
Fifth, the ALJ found that “[t]he claimant’s credibility is further diminished by his statement to Ms. Linehan ... that he was tired of his work and where he worked.” It is not clear why this statement is relevant to Morris’s credibility. Dissatisfaction with work is not incompatible with disability. Such feelings are also consistent with Morris’s testimony that his depression causes low energy and lack of motivation.
In sum, none of the ALJ’s proffered reasons for discrediting Morris’s testimony stands up to scrutiny. Because the ALJ failed to provide “specific, clear and convincing reasons” for discrediting Morris’s testimony, see Tommasetti, 533 F.3d at 1039, we reverse.
This court has discretion to remand for further proceedings, or, where appropriate, for an immediate award of benefits. See Moore, 278 F.3d at 926. “When an ALJ’s reasons for rejecting the claimant’s testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the claimant disabled if [s]he had credited the claimant’s testimony, we remand for a calculation of benefits.” Orn v. Astrue, 495 F.3d 625, 640 (9th Cir.2007) (internal quotation marks omitted).
Here, Morris testified that his disabilities impose a number of physical limitations. For example, he stated that he can sit for only 25 minutes at a time, can walk for no more than 15 to 20 minutes without resting, and can lift no more than 15 lbs. The only medical evidence in the record that addresses Morris’s physical limitations, the medical reports provided by Dr. Graff and Dr. Bressler, directly support this testimony. Dr. Graff opined, for instance, that Morris could stand or walk for less than two hours in an 8-hour workday, could sit for no more than one hour in any workday, and could lift 20 lbs only occasionally and less than 10 lbs frequently. *587 Similarly, Dr. Bressler stated that Morris could “lift 5 lbs occasionally” and “cannot stand or sit for many hours a day.” The vocational expert in this case testified that a person with these limitations would qualify as disabled.
Given the vocational expert’s testimony and the fact that the only relevant medical evidence in the record indicated that Morris did in fact suffer from the physical limitations he described, the ALJ would have no basis on which to reject Morris’s disability claim if she had credited his testimony. Because crediting Morris’s testimony would have required the ALJ to find Moms disabled at Step Five, we remand for an award of benefits.[1]
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because our finding that the ALJ improperly discredited Morris's testimony is sufficient to warrant an award of benefits, we do not reach Morris's additional arguments.