**NOT FOR PUBLICATION**

OCT 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS J. MORRIS, III, | No. 09-17099 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-02312-FJM |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Argued and Submitted October 8, 2010
San Francisco, California

Before: HUG, RYMER and N.R. SMITH, Circuit Judges.

Thomas J. Morris III appeals the district court's decision denying him

attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

Morris claims the Social Security Administration (Commissioner) was not

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

substantially justified in defending the administrative law judge's (ALJ) procedural error.[1]  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court.

The district court did not abuse its discretion in denying attorneys' fees, even though in *Morris v. Astrue*, 323 F. App'x. 584 (9th Cir. 2009), we reversed the district court and the ALJ and awarded Morris disability benefits.  In reversing and awarding and award of benefits, we individually analyzed and rejected each of the five sentences in the ALJ's decision that addressed Morris's credibility.  *Id.* at 585-586.  We concluded "none of the ALJ's proffered reasons for discrediting Morris's testimony stands up to scrutiny. . . .  [Thus, the ALJ had] no basis on which to reject Morris's disability claim if she had credited his testimony."  *Id.* at 586.

Though we reversed the district court and the ALJ on Morris's disability benefits, we are not firmly convinced that the district court's decision regarding attorneys' fees "lies beyond the pale of reasonable justification under the circumstances."  *See Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000).  Unlike the court in *Shafer v. Astrue*, 518 F.3d 1067 (9th Cir. 2008), we did not

---

[1]    Under the EAJA, the district court must award attorneys fees to the prevailing party, unless it concludes the government's position opposing the appeal of an ALJ's finding was "substantially justified."  28 U.S.C. § 2412(d)(1)(A); "Substantially justified" means the defense must have a "reasonable basis in law and fact."  *Pierce v. Underwood,* 487 U.S. 552, 565 (1988).

have to speculate on the ALJ's reasons, based on the record, for rejecting Morris's testimony. The ALJ provided enough of a record for the appellate courts to review her decision, which ultimately led to an award of benefits to Morris rather than a remand for further findings.

Further, the record contains evidence on which the district court could rationally have based its holding that the Commissioner had a reasonable basis in law and fact to defend the ALJ's decision. *See Kali v. Bowen*, 854 F.2d 329, 331 (9th Cir. 1988). Although we disagreed with the district court regarding the award of benefits, the district court correctly notes that the reasons given by the ALJ are at least rationally related to previous case law in this circuit.

AFFIRMED.