MEMORANDUM *
Birgit Y. Putz appeals from the district court’s order affirming the Commissioner’s decision denying Social Security Disability Insurance benefits. Because the Administrative Law Judge’s (ALJ) determinations discrediting various sources of evidence are not supported by substantial evidence, we reverse.
The ALJ offered six reasons for discrediting Putz’s testimony regarding the severity of her symptoms: (1) Putz’s statement to Dr. Gan that she had been feeling well until just a few weeks prior to an office visit on May 30, 2002; (2) “there is no objective medical evidence to support the severity of her symptoms”; (3) since December 2001, “the claimant has seen numerous physicians but none of them have given the claimant a firm diagnosis of chronic fatigue”; (4) Putz “is not taking any prescribed medication”; (5) Putz “is only receiving treatment from a naturo-path”; and (6) “claimant did not receive any psychiatric treatment prior to her date last insured.”
The ALJ’s reasons for discrediting Putz’s testimony are not “clear and convincing.” Lester v. Chater, 81 F.3d 821, 834 (9th Cir.1995). (1) Putz’s statement to Dr. Gan that she had “felt well” prior to suffering heart palpitations and a rapid heart rate in May 2002 related to her heart problems rather than her chronic fatigue. (2) Putz need not present objective medical evidence to demonstrate the severity of her fatigue. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir.1996). (3) Two acceptable medical sources have diagnosed Putz with chronic fatigue syndrome; no physician has contradicted or questioned those diagnoses. (4) Putz “tried various *803 anti-depressants and anti-anxiety medications off and on for a long time.” (5) Putz received treatment from various medical doctors, including a psychiatrist, an infectious disease specialist, a rheumatologist, two cardiologists and an endocrinologist. Putz’s reliance on naturopathic care does not defeat her claim. See Social Security Ruling (“SSR”) 99-2p. (6) Putz used antidepressant medications and saw a psychiatrist prior to December 2001.
The Commissioner argues that the adverse credibility determination nonetheless is supported by substantial evidence because in 1996 Putz declined Dr. Data’s suggestion to visit a chronic fatigue clinic in Seattle. An unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment can be a basis to discount a claimant’s symptom testimony. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989). The ALJ, however, never offered Putz an opportunity to explain her decision not to visit the Seattle clinic. The Commissioner also overlooks Dr. Data’s assessment that Putz, as a general matter, “has been very compliant” in following treatment recommendations. Moreover, this factor was not relied upon by the ALJ and is therefore not a proper basis for upholding the Commissioner’s adverse credibility determination. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.2003) (“We are constrained to review the reasons the ALJ asserts.”).
The ALJ’s disregard for statements of Dr. Data, Putz’s treating medical source since 1994, also is not supported by substantial evidence. The ALJ gave “no weight” to Dr. Data’s residual functional capacity evaluation and “little weight” to her 2003 letter. According to Social Security Ruling 99-2p, the ALJ should “carefully consider” information provided by treating naturopaths. Statements by naturopaths “may be very useful in deciding the individual’s credibility, ... to assess an individual’s ability to function on a day-today basis and to depict the individual’s capacities over a period of time.” SSR 99-2p. Dr. Data was Putz’s primary care provider, observed Putz for more than a decade and witnessed the changes brought about by Putz’s illness. She was therefore well positioned to offer useful information regarding the severity of Putz’s fatigue, and the ALJ’s reasons for discounting Dr. Data’s statements are inadequate. Dr. Data’s statements were consistent with her March 25, 2002 treatment notes. Although her February 16, 1999 treatment notes contain a single notation that is potentially inconsistent with her statements, the ALJ decision to credit this single notation was unreasonable in light of the evidence as a whole.
The ALJ’s determination to give “little weight” to the testimony of two lay witnesses, Drena Putz and Louella Martin, also is not supported by substantial evidence. The ALJ discredited their testimony because it was (1) vague; (2) based on Putz’s subjective assertions; (3) not supported by the record; and (4) not time specific. In fact, their testimony was specific and probative, based on personal observations of Putz and consistent with the testimony and medical documentation in the record as a whole. The testimony was vague as to time, but not so vague as to negate its probative value, especially given that the ALJ made no effort to elicit more specific information from the witnesses. The witnesses’ testimony was probative, not only to corroborate other evidence regarding Putz’s present day limitations, but also to document the “substantial reduction in [Putz’s] previous levels of occupational, educational, social, [and] personal activities.” SSR 99-2p. The ALJ therefore should have given the testimony greater weight. See Stout v. Comm’r, 454 *804 F.3d 1050, 1053 (9th Cir.2006) (“In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant’s ability to work.”).
We reverse and remand for a calculation of benefits. See Orn v. Astrue, 495 F.3d 625, 639 (9th Cir.2007).
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.