**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BIRGIT Y. PUTZ,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br><br>　　　　Defendant - Appellee. | No. 10-36039<br><br>D.C. No. 3:08-cv-05290-RBL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted October 11, 2011
Seattle, Washington

Before: KOZINSKI, Chief Judge, PAEZ, Circuit Judge, and BURNS, District
Judge.[**]

　　Birgit Putz appeals the district court's denial of her motion for attorney's

fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C.

§ 2412.  We affirm.

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The Honorable Larry A. Burns, District Judge for the U.S. District
Court for Southern California, sitting by designation.

To be "substantially justified" under the EAJA, 28 U.S.C. § 2412(d)(1)(A), the government's position must have a "reasonable basis in law and fact." *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998). A position is likely to be substantially justified if it is taken in the context of a "dispute over which 'reasonable minds could differ.'" *Gonzales v. Free Speech Coal.*, 408 F. 3d 613, 618 (9th Cir. 2005).

Although a majority of the prior panel reversed the Administrative Law Judge's (ALJ) disability ruling and remanded for payment of benefits, the dispute was one in which reasonable minds did differ: the ALJ, the district judge, and a dissenting circuit judge were all convinced that Putz was not disabled. *See Putz v. Astrue*, 371 F. App'x 801, 802, 805 (9th Cir. 2010).

The dispute over the ALJ's disability determination centered on the ALJ's assessment of the evidence and not on whether he employed the correct decisional processes required by the Social Security Administration's policies and regulations. For instance, in support of his decision to discredit Putz's testimony about the severity of her fatigue, the ALJ enumerated six independent reasons drawn directly from the evidentiary record, as he was required to do. That this court ultimately disagreed with his assessment of the evidence does not mean that the position was unreasonable.

As the dissenting panel judge noted, "[m]uch of the evidence in this case is susceptible to different interpretations." *Putz*, 371 F. App'x at 804. In light of the ambiguity of the evidence and the closeness of the legal and factual questions posed by Putz's case, the district court did not err in determining that the government's position was substantially justified. Accordingly, it did not abuse its discretion in denying Putz's motion for attorney's fees.

**AFFIRMED**.