# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WESTERN WATERSHEDS PROJECT,
          *Plaintiff-Appellee,*

    v.

UNITED STATES DEPARTMENT OF THE
INTERIOR,
          *Defendant-Appellant,*

    and

GLENNS FERRY GRAZING
ASSOCIATION, INC.; JUNIPER
MOUNTAIN GRAZING ASSOCIATION,
L.L.C.,
          *Intervenor-Defendants.*

No. 10-35836

D.C. No.
4:08-cv-00506-BLW

OPINION

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted
February 7, 2012—Seattle, Washington

Filed April 25, 2012

Before: Mary M. Schroeder and Ronald M. Gould,
Circuit Judges, and Ralph R. Beistline,
Chief District Judge.*

Opinion by Judge Schroeder

---

*The Honorable Ralph R. Beistline, Chief United States District Judge
for the District of Alaska, sitting by designation.

4379

**COUNSEL**

Laurence J. Lucas, Boise, Idaho, for plaintiff-appellee Western Watersheds Project.

Syrena C. Hargrove, AUSA, Boise, Idaho, for defendant-appellant United States Department of the Interior.

**OPINION**

SCHROEDER, Circuit Judge:

The Government appeals from an award of attorneys' fees to a plaintiff conservation group in a long-running dispute involving federal grazing permits in Idaho. Plaintiff-Appellee conservation group is Western Watersheds Project ("WWP") and the permits were issued by Defendant-Appellant U.S. Department of the Interior. The issue is whether the district court properly awarded fees to WWP for legal work done in the administrative proceedings conducted before the civil litigation in which the district court held that the Interior Board of Land Appeals ("IBLA") had acted arbitrarily and capriciously in upholding the Government's award of some of the grazing permits.

The precise legal issue concerns the interpretation of the U.S. Supreme Court's decision in *Sullivan v. Hudson*, 490 U.S. 877 (1989), and whether it permits an award of fees under 28 U.S.C. § 2412(d)(1)(A) to a prevailing party in district court for the work done in the administrative proceedings that preceded the district court action. Here, the district court awarded the fees because it concluded that the administrative proceedings were closely tied to its own resolution of the issues. Although the Government did not extensively argue its position on statutory interpretation before the district court, it contends more fully and persuasively to us that the fees awarded under § 2412(d)(1)(A) should not have included fees for the administrative proceedings. This is because fees for administrative proceedings can be awarded under § 2412(d)(1)(A) only when the proceedings have been ordered in a district court action that remains pending until the conclusion of the administrative proceedings. *Hudson*, 490 U.S. at 892. That was the situation in *Hudson*, but that is not the situation here, where the district court action was not filed until after the administrative proceedings had concluded.

We therefore must vacate the fee award and remand for the district court to reduce the award by the amount that represents fees incurred in the administrative proceedings.

## BACKGROUND

The chronology of the underlying dispute over grazing permits is important to understanding the relationship between the administrative permit proceedings and the civil litigation in district court that followed them, and in which the fees at issue were awarded. The seeds of this fee dispute were sown in 1997, when WWP filed an action in Idaho district court challenging the Bureau of Land Management's ("BLM") issuance of grazing permits to cattle ranchers for 68 public land allotments in the Owyhee Resource Area in Southwestern Idaho. *See Idaho Watersheds Project v. Hahn*, 307 F.3d 815, 820-21 (9th Cir. 2002), *abrogated on other grounds by Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 29-31 (2008).

In that case, the district court held in February 2000 that the BLM had violated the National Environmental Policy Act ("NEPA"), Pub. L. 91-190, 83 Stat. 852 (1969) (codified as amended in 42 U.S.C.), and the court granted WWP's request for a permanent injunction. *Id.* at 820, 823. The injunction required the BLM to conduct, within a set schedule, a new NEPA analysis. *Id.* at 823. In conducting the new analysis, the BLM found that its grazing management policies in the Nickel Creek allotments, a portion of the 68 allotments in the Owyhee Resource Area, failed to meet any of the applicable rangeland health standards. The BLM sought to address this problem (and meet its obligation under the injunction) in its 2003 Final Decision for the Nickel Creek allotments. The BLM supported the Final Decision with an Environmental Assessment ("EA") and a Finding of No Significant Impact ("FONSI"), pursuant to NEPA, see 42 U.S.C. §§ 4321-4347. The Final Decision provided for ten-year grazing permits that would incorporate a grazing rotation schedule and eight management guidelines necessary to improve rangeland health

conditions. The management guidelines, however, were not mandatory.

WWP promptly, and not surprisingly, filed an administrative appeal in December 2003 with the Department of Interior Office of Hearings and Appeals, challenging the BLM's Final Decision. The administrative law judge ("ALJ") held a fifteen-day evidentiary hearing, at which the parties presented over a dozen witnesses and hundreds of exhibits. On September 28, 2007, the ALJ issued a lengthy opinion in WWP's favor. The ALJ found that the BLM "failed to comply with the grazing regulations on the fundamentals of rangeland health, and failed to comply with [NEPA]." The Government appealed the ALJ's decision to the IBLA, and in December 2008, the IBLA reversed the ALJ's rulings. The IBLA held that the 2003 Final Decision did not violate NEPA, and, because it would make significant progress in improving allotment conditions, it did not violate the Fundamentals of Rangeland Health Regulations, see 43 C.F.R. § 4180.

WWP then sought judicial review in district court under the Administrative Procedure Act ("APA"), 60 Stat. 237 (1946) (codified as amended at 5 U.S.C.), arguing that the IBLA's decision was arbitrary and capricious. The district court in December 2009 granted partial summary judgment for WWP, finding that the IBLA's decision was arbitrary and capricious because it had, without any explanation, reversed the ALJ's determination that the BLM's 2003 Final Decision violated the Fundamentals of Rangeland Health Regulations. The district court remanded the matter to the BLM with instructions to include the management guidelines as mandatory terms and conditions of the permits and to render a new decision on the Nickel Creek allotments. The Government did not appeal to this court.

The controversy then shifted to fees. WWP timely moved for an award of attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA"), Pub. L. 96-481, 94 Stat.

2325 (1980) (codified in scattered sections of 5, 15, 28, and 42 U.S.C.). WWP requested fees pursuant to 5 U.S.C. § 504 and 28 U.S.C. § 2412(d) for the administrative appeals and district court proceedings, in which it had challenged the BLM's 2003 Final Decision for the Nickel Creek allotments. The Government conceded that WWP was the prevailing party and under § 2412(d)(1)(A) was entitled to reasonable fees and costs incurred in district court, but argued that WWP was not entitled to fees under either § 504 or § 2412(d) for the administrative proceedings. The district court agreed that fees for the administrative proceedings were excluded under § 504, but concluded that WWP was entitled to $183,160 in fees under § 2412(d)(1)(A) for the administrative proceedings. That award is the subject of this appeal, with the Government contending that fees for the administrative proceedings here are not awardable under the EAJA because the administrative proceedings were not tied to any then-pending district court litigation.

## DISCUSSION

### I.   There was no waiver by the Government.

WWP contends that the Government has waived its right to challenge the award on appeal because it did not explain to the district court why § 2412(d)(1)(A) and *Hudson* do not allow for an award of fees for administrative proceedings in this case. WWP characterizes the Government's position on appeal as a new argument that the district court did not address. The question with respect to waiver, however, is whether the issue was sufficiently raised for the trial court to rule on it. *In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989).

Here, the Government argued before the district court that § 2412(d) and the Supreme Court's leading case, *Hudson*, do not allow an attorneys' fee award for administrative fees. It distinguished *Hudson* on its facts, because it was a social

security remand. The issue of fees for administrative proceedings thus was squarely before the district court, and the district court ruled on it. The Government did not give the district court its legal basis for distinguishing *Hudson*, and this gives rise to WWP's argument that the Government has waived any right to challenge fees. Yet, we do not require a party to file comprehensive trial briefs on every argument that might support a position on an issue. There is no waiver if the issue was raised, the party took a position, and the district court ruled on it. *See In re E.R. Fegert, Inc.*, 887 F.2d at 957 ("There is no bright-line rule to determine whether a matter has been properly raised," only "[a] workable standard" that it "must be raised sufficiently for the trial court to rule on it"*); Felix v. McCarthy*, 939 F.2d 699, 701 (9th Cir. 1991) (finding no waiver where the appellant's trial brief referenced the issue on appeal, the appellee responded to that issue, and the district court ruled on it), *cert. denied* 502 U.S. 1093 (1992); *see also Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260 n.8 (9th Cir. 2010) (reasoning that the waiver rule "does not apply 'where the district court nevertheless addressed the merits of the issue' not explicitly raised by the party" (quoting *Blackmon-Malloy v. U.S. Capitol Police Bd.*, 575 F.3d 699, 707 (D.C. Cir. 2009))).

In this case, WWP requested administrative fees pursuant to § 2412(d)(1)(A) and *Hudson*, the Government opposed the request, and the district court ruled on it. Accordingly, we conclude that the Government's challenge to the fee award is properly before us on appeal.

## II. The district court erred in awarding WWP attorneys' fees pursuant to § 2412(d)(1)(A) and *Hudson* for the administrative proceedings.

**[1]** The EAJA partially waives the sovereign immunity of the United States and allows a prevailing party to obtain an award of attorneys' fees against the Government. Section 2412(d)(1)(A) specifically allows for the award of fees to a

prevailing party "in any civil action," including judicial review of agency actions. The statute provides in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), *incurred by that party in any civil action* (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

§ 2412(d)(1)(A) (emphasis added). A "civil action," however, is a proceeding in a judicial court, not an administrative court. *See Hudson*, 490 U.S. at 894-95 (White, J., dissenting). Section 2412(d)(1)(A), therefore, generally does not allow for the award of fees for administrative proceedings.

**[2]** The Supreme Court has created only a narrow exception to this general rule. *See Hudson*, 490 U.S. at 891-93. Fees for administrative proceedings may be awarded under § 2412(d)(1)(A) so long as the administrative proceedings are "intimately tied to the resolution of the judicial action," and "necessary to the attainment of the results Congress sought to promote by providing for fees." *Id.* at 888. Relying upon this language, the district court here awarded fees incurred in the administrative proceedings. It reasoned that the administrative proceedings were "intimately tied" to its resolution of the district court action because the court was called upon to review the administrative proceedings and relied upon the record compiled by WWP before the ALJ. It concluded that WWP should be compensated for that work as well as the work done in district court. Under its reasoning, fees would be recover-

able for most administrative proceedings in which the district court relies on the administrative record.

In *Hudson*, the Supreme Court awarded fees under § 2412(d)(1)(A) for administrative proceedings in a very unusual type of social security case. 490 U.S. at 884-88. The Secretary of Health and Human Services in *Hudson* initially denied the claimant's application for social security disability and income benefits. *Id.* at 879-80. The claimant appealed to the district court, and the district court ultimately remanded her case pursuant to 42 U.S.C. § 405(g) of the Social Security Act ("SSA") for further administrative proceedings. *Id.* at 880-82. In so doing, the district court retained jurisdiction over the civil action. *Id.* at 882. The claimant then obtained relief in the administrative courts and returned to district court, requesting attorneys' fees under § 2412(d)(1)(A) for the administrative proceedings that followed the court-ordered remand. *Id.* at 882. The district court denied her fee request, the Eleventh Circuit reversed, and the Supreme Court granted certiorari to determine whether the claimant was entitled to an award of attorneys' fees under the EAJA for the administrative proceedings on remand. *Id.* at 879, 882-83.

**[3]** The Supreme Court held that the claimant was entitled to fees under § 2412(d)(1)(A) for the post-litigation, administrative proceedings. *Id.* at 892. The Court, however, did not purport to authorize fees for all administrative proceedings that are conducted after a district court remand and that are subject to district court review on the basis of the administrative record. The Court distinguished the unique SSA remand in *Hudson* from standard remands issued after judicial review of agency action. *Id.* at 884-88. The Court found that the detailed provisions in the SSA governing the back-and-forth transfer to and from the district court and administrative agency "suggest[ed] a degree of direct interaction" between the two that was "alien to traditional review of agency action under the Administrative Procedure Act." *Id.* at 885.

The Court stressed that it awarded fees for the administrative proceedings in that case because the district court action remained pending throughout the administrative proceedings, and the district court could not enter a final judgment in the claimant's social security case until the administrative proceedings were completed. *Id.* at 886-87. The Court therefore concluded that the administrative proceedings on remand and the district court action were so "intimately" linked that "they should be considered part and parcel of the action for which fees may be awarded." *Id.* at 888. The Court thus held:

> [W]here a court orders a remand to the Secretary in a benefits litigation and retains continuing jurisdiction over the case pending a decision from the Secretary which will determine the claimant's entitlement to benefits, the proceedings on remand are an integral part of the "civil action" for judicial review, and thus attorney's fees for representation on remand are available [under § 2412(d)(1)(A)].

*Id.* at 892.

**[4]** Since *Hudson*, the Supreme Court has further clarified its narrow scope. The Court, within two years after *Hudson*, emphasized that because EAJA is a partial waiver of sovereign immunity it "must be strictly construed in favor of the United States." *Ardestani v. INS*, 502 U.S. 129, 137 (1991). Following this principle, the Court has stated consistently that fees for administrative proceedings can only be awarded under § 2412(d)(1)(A) if the district court ordered the further proceedings, and the district court action remained pending until the conclusion of the administrative proceedings. *See Melkonyan v. Sullivan*, 501 U.S. 89, 96-97 (1991) (reasoning that *Hudson* "stands for the proposition that in those cases where the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings, a claimant may collect EAJA fees for work done at the administrative level");

*Shalala v. Schaefer*, 509 U.S. 292, 299-300 (1993) (holding that because the district court does not retain jurisdiction, sentence-four social security remands do not fall within the scope of *Hudson*, and noting that the Court had limited *Hudson* "to a narrow class of qualifying administrative proceedings where the district court retains jurisdiction of the civil action pending the completion of the administrative proceedings" (internal quotation marks and citation omitted)).

**[5]** Our circuit has followed these decisions, applying *Hudson* to deny fees in other administrative contexts. *See Nadarajah v. Holder*, 569 F.3d 906, 920 (9th Cir. 2009) (immigration and habeas corpus); *Mendenhall v. Nat'l Trans. Safety Bd.*, 213 F.3d 464, 467-69 (9th Cir. 2000) (aviation). *Nadarajah* was a habeas case, in which the prevailing petitioner requested fees for administrative immigration proceedings that preceded the habeas litigation. 569 F.3d at 919. The petitioner argued that the administrative proceedings were "intimately connected" to the habeas corpus litigation upon which he prevailed, because the district court relied on the evidentiary record created in the administrative proceedings, thereby avoiding a duplicative evidentiary hearing in district court. *Id.* at 919-20. We held that the fees for the administrative proceedings were not recoverable, because *Hudson* applies only when the attorneys' work in the administrative proceedings is necessary to carrying out a court-ordered remand for further proceedings. *Id.* at 919.

Similarly, in *Mendenhall*, we rejected a claim for an award of attorneys' fees calculated under § 2412(d)(1)(A) for pre-litigation administrative proceedings that were conducted before the National Transportation Safety Board. 213 F.3d at 467-69. We emphasized that *Hudson* only applied to a "narrow class of administrative proceedings . . . where a suit *has been brought* in a court, and where a formal complaint within the jurisdiction of a court of law *remains pending* and depends for its resolution upon the outcome of the administrative proceedings." *Id.* at 468 (internal quotation marks and

citation omitted) (emphasis in original). Our decisions are consistent with the decisions of the other circuits that have considered whether § 2412(d)(1)(A) authorizes fees for administrative proceedings that either preceded or followed district court litigation. *See Maritime Mgmt., Inc. v. United States*, 242 F.3d 1326, 1336 (11th Cir. 2001) (denying pre-litigation fees incurred during administrative proceedings before the General Accounting Office); *Friends of the Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 887 (8th Cir. 1995) (declining to award fees for pre-litigation expenses incurred during the Forest Service's administrative appeals process because there was "no basis for extending *Hudson*[ ]" to cases "where the administrative proceedings precede the civil action"); *Full Gospel Portland Church v. Thornburgh*, 927 F.2d 628, 629, 631-33 (D.C. Cir. 1991) (holding that the plaintiffs could not recover fees for post-litigation, administrative proceedings before the Immigration and Naturalization Service because the "[p]roceedings under the [Immigration and Nationality Act] lack[ed] the specific features of the SSA proceedings that, in *Hudson*, demonstrated the 'intimate tie' between administrative and judicial proceedings"), *cert. denied* 502 U.S. 1030 (1992); *Pollgreen v. Morris*, 911 F.2d 527, 535-36 (11th Cir. 1990) (awarding fees for the administrative proceedings in a case involving deprivation of property, because the proceedings were directed by the district court and the district court could not enter a final judgment until after the completion of the administrative proceedings).

To support its position that the district court properly awarded administrative fees under the EAJA in this case, WWP relies on *Native Village of Quinhagak v. United States*, 307 F.3d 1075, 1083 (2002). But the issue in *Quinhagak* concerned whether the district court had discretion to award fees for pre-litigation administrative proceedings under the Alaska National Interest Lands Conservation Act ("ANICLA"), Pub. L. 96-487, 94 Stat. 2371 (1980) (codified at scattered sections of 15 and 43 U.S.C.). As we observed in that case, ANILCA was intended by Congress to enable rural residents in Alaska

to play a material role in the management of Alaska's resources, and participation in the administrative proceedings was essential to that goal. *Id.* at 1082-83. We thus held that the district court had discretion to award fees for the administrative proceedings. *Id.* at 1083. This decision, however, was premised on particular congressional concerns about the subsistence needs of rural Alaskans. *Id.*; *see generally* 16 U.S.C. § 3111 (providing that an "administrative structure" should be established "for the purpose of enabling rural residents . . . to have a meaningful role in the management of fish and wildlife and of subsistence uses on the public lands in Alaska"); 126 Cong. Rec. 31109 (daily ed. Dec. 1, 1980) (stating that "local residents and other aggrieved persons and organizations who are prevailing parties . . . shall be awarded their full costs and reasonable attorney's fees," because it "is important to ensure that the residents of Native villages, many of which are among the poorest communities in the Nation, will be able to secure adequate representation"). The case does not support a holding that administrative fees are broadly available under the EAJA.

**[6]** Indeed, Congress has spoken directly to the subject of fees for administrative grazing-permit proceedings and has rejected them. Section 504(a) allows administrative fee awards to prevailing parties in administrative proceedings that involve "adversary adjudications," but goes on to exclude licensing proceedings. *See* § 504(b)(1)(C) ("'[A]dversary adjudication' means (i) an adjudication . . . in which the position of the United States is represented by counsel or otherwise, but excludes an adjudication for the purpose of . . . granting or renewing a license . . . ."); *see also* § 2412(d)(3) (allowing a federal court to award attorneys' fees "to a prevailing party in any action for judicial review of an adversary action, as defined in [5 U.S.C. § 504(b)(1)(C)]," and to include fees incurred in administrative proceedings "to the same extent authorized in subsection (a)" of § 504). The parties agree that the administrative grazing-permit proceedings here are "licensing proceedings" outside the scope of § 504.

*See Western Watersheds Project v. Interior Bd. of Land Appeals*, 624 F.3d 983, 987-90 (9th Cir. 2010) (holding that Western Watersheds, in related litigation, was not eligible for attorneys' fees in adjudication for the purpose of granting or renewing grazing permits). Thus, unlike the fee award in *Quinhagak*, which furthered "Congress's expressed purpose in enacting the statute" and did not hinder any other statutory purpose, 307 F.3d at 1083, an award of fees in this case would conflict with Congress's express limitation on fee awards for pre-litigation administrative grazing-permit proceedings.

**[7]** For all of these reasons, we must vacate the district court's award of fees and remand for it to enter an award that excludes the $183,160 representing fees for the administrative proceedings.

**VACATED** and **REMANDED**.