
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JAMAL ATALLA, M.D.,<br><br>            Plaintiff - Appellee,<br><br>    v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; JOHN KRAMER, District Director of United States Citizenship and Immigration Services,<br><br>            Defendants - Appellants. | No. 11-16987<br><br>D.C. No. 2:09-cv-01610-NVW<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted September 12, 2013
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and BEISTLINE, Chief
District Judge.[**]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Ralph R. Beistline, Chief District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

Defendants United States Citizenship and Immigration Services (USCIS) and its Director appeal the judgment of the district court following a trial in favor of Jamal Atalla, M.D., in his action brought under 8 U.S.C. § 1421(c), seeking a hearing *de novo* on the USCIS' denial for lack of good moral character of his naturalization application. The district court found that Atalla had not given false testimony or given false testimony with the subjective intent to obtain an immigration benefit, as USCIS claimed, and found, instead, that Atalla had proved the requisite good moral character and granted his petition for naturalization. In light of the highly deferential standard we show to the district court's findings of fact, we affirm.

On appeal, USCIS advances two arguments. (1) The district court clearly erred in determining that Atalla did not provide false testimony for the purpose of obtaining an immigration benefit during his three naturalization interviews, and, (2) The district court committed legal error in precluding as waived the government's defense that Atalla committed a crime involving moral turpitude (CIMT) by providing false testimony to the government regarding his relationship with organizations that the U.S. government labeled as terorrist organizations after September 11, 2001.

2

1. To be eligible for naturalization, an applicant must establish, among other things, good moral character. *See* 8 U.S.C. § 1427(a)(3). "No person shall be regarded as . . . a person of good moral character who . . . has given false testimony for the purpose of obtaining any [immigration] benefits." 8 U.S.C. § 1101(f)(6). A finding of good moral character is a "question of fact," *Yuen Jung v. Barber*, 184 F.2d 491, 497 (9th Cir. 1950), that cannot be "set aside unless clearly erroneous . . ." Fed. R. Civ. P. 52(a)(6). This court "may not disturb the district court's findings of fact unless [it] ha[s] the definite and firm conviction that the court has made a mistake." *United States v. Hovsepian*, 422 F.3d 883, 885 (9th Cir. 2005) (en banc). The district court's finding need only be "plausible" to be upheld: "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). "This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently." *Id.* at 573.

The record shows that Atalla answered the questions posed to him carefully and, at times, ambiguously. For its part, the government's approach was imprecise

and muddled. USCIS officers mangled the text of questions during Atalla's two recorded interviews, failed to record or provide contemporaneous transcription of his 2006 interview, and failed to follow up on some lines of questioning during the two recorded ones. Upon reviewing the evidence, the district court determined that Atalla had not given false testimony with the subjective intent of obtaining citizenship. On this record, although the Government presents us with a close case, we cannot conclude that the district court's account of the evidence fell below the low threshold of "plausib[ility]" even if this court, sitting as a trier-of-fact, would have concluded differently. *See id.* at 573–74.

2. After the close of discovery, the government sought to introduce an alternative defense that Atalla committed a CIMT by providing false testimony on his written naturalization application regarding his relationship with terrorist organizations. The government wished to argue that Atalla's allegedly false statements on his application were false statements to a federal officer under 18 U.S.C. § 1001(a)(3) and, thus, constituted a crime involving moral turpitude, making Atalla ineligible for naturalization. 8 U.S.C. § 1101(f)(3). The trial court found the introduction of the argument untimely and gratuitous. The government argues this ruling constituted legal error. It did not. It was well within the district court's discretion to bar as untimely the introduction of new accusations of

4

criminal activity after the close of discovery to avoid delaying a naturalization process that had already spanned nearly nine years. *See Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980).

Accordingly, the judgment of the district court is

**AFFIRMED.**