NOT FOR PUBLICATION

FILED



DEC 01 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| JAMAL ATALLA, M.D., | ) | No. 12-15309 |
| | ) | |
| Plaintiff - Appellee, | ) | D.C. No. 2:09-cv-01610-NVW |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; JOHN KRAMER, District Director of United States Citizenship and Immigration Services, | ) ) ) ) ) | |
| | ) | |
| Defendants - Appellants. | ) ) | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted November 18, 2014**
San Francisco, California

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before: FERNANDEZ and IKUTA, Circuit Judges, and DANIEL,*** District Judge.

United States Citizenship and Immigration Services (USCIS) appeals the district court's order awarding attorney's fees to Jamal Atalla pursuant to the Equal Access to Justice Act ("EAJA").  28 U.S.C. § 2412(d)(1)(A).  We reverse.

USCIS denied Atalla's application for naturalization[1] and he commenced this action for review of that decision.[2]  The district court granted his petition and we affirmed.  See Atalla v. USCIS, 541 F. App'x 760, 761 (9th Cir. 2013) ("Atalla I").  The district court also granted attorney's fees pursuant to the EAJA, and this appeal followed.

USCIS asserts that based on the record[3] the district court abused its

_____

***The Honorable Wiley Y. Daniel, Senior United States District Judge for the District of Colorado, sitting by designation.

[1]See 8 U.S.C. § 1421; 8 C.F.R. §§ 334.1, 335.3.

[2]See 8 U.S.C. § 1421(c).

[3]In making its decision regarding fees, the district court was required to consider "the record (including the record with respect to the action or failure to act by the agency . . . )."  28 U.S.C. § 2412(d)(1)(B); see also United States v. 22249 Dolorosa St., 190 F.3d 977, 981 (9th Cir. 1999).  That record included a myriad of instances "that could satisfy a reasonable person" that Atalla was intentionally untruthful throughout the process.  Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550, 101 L. Ed. 2d 490 (1988).  Throughout the litigation, USCIS took the position that he was.

2

discretion[4] when it granted EAJA fees to Atalla.[5] It argues, as it did at the district court, that it was substantially justified in its position that Atalla had at the time of his initial interview "failed to truthfully disclose the full extent of his involvement with GRF [the Global Relief Foundation]," and "failed to volunteer information about the full extent of his involvement with GRF throughout the administrative processing of his naturalization application."[6] That assessment of Atalla's behavior and testimony when he was questioned by the USCIS adjudication officers was not ultimately successful. However, it did have strong support in the record.

We recognize that USCIS did have "the burden of demonstrating substantial

[4]See Pierce, 487 U.S. at 559–60, 108 S. Ct. at 2547; see also United States v. Hinkson, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc); United States v. Rubin, 97 F.3d 373, 375 (9th Cir. 1996) .

[5]See 28 U.S.C. § 2412(d)(1)(A); see also Pierce, 487 U.S. at 564–66, 108 S. Ct. at 2550; Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008).

[6]Atalla suggests that because in opposing fees USCIS did not assert that he was untruthful, but only that he did not volunteer information before his interviews, it cannot now assert untruthfulness. See W. Watersheds Project v. U.S. Dep't of the Interior, 677 F.3d 922, 925 (9th Cir. 2012); In re Mercury Interactive Corp. Sec. Litig., 618 F.3d 988, 992 (9th Cir. 2010). However, while USCIS's opposition could have been more expansive, in light of the whole record, it was sufficient to place the issue of truthfulness before the district court. See Watersheds, 677 F.3d at 925–26; Simkins v. NevadaCare, Inc., 229 F.3d 729, 736 (9th Cir. 2000).

justification,"[7] but it carried that burden here because the record showed that its "'position [had] a reasonable basis in law and fact.'"[8]  Of course, the mere fact that USCIS lost on the merits was not sufficient to show that its position was not substantially justified.  See Renee v. Duncan, 686 F.3d 1002, 1017 (9th Cir. 2012); see also Al-Harbi v. INS, 284 F.3d 1080, 1084–85 (9th Cir. 2002).  Rather, on this record, our decision in Atalla I, 541 F. App'x at 762, put it well when we declared that "the Government presents us with a close case" but "the district court's account of the evidence [did not fall] below the low threshold of 'plausib[ility].'"  That underscores our "'definite and firm conviction'"[9] that the district court's decision regarding EAJA fees was an abuse of discretion because it improperly construed USCIS's position to refer solely to Atalla's statements before he was questioned under oath and also failed to consider the overall strength of USCIS's case as shown by the record.[10]  Therefore, we reverse the award of EAJA fees.

REVERSED.

---

[7]Gonzales v. Free Speech Coalition, 408 F.3d 613, 618 (9th Cir. 2005).

[8]Shafer, 518 F.3d at 1071; see also Pierce, 487 U.S. at 565–66, 108 S. Ct. at 2550.

[9]Hinkson, 585 F.3d at 1262.

[10]See id.