**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Health and Environmental Control, Appellant/Respondent,

v.

James W. Davenport, Respondent/Appellant.

Appellate Case No. 2018-001868

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

Unpublished Opinion No. 2021-UP-273
Heard May 4, 2021 – Filed July 14, 2021

**REVERSED**

Ashley Caroline Biggers and Vito Michael Wicevic, both of the South Carolina Department of Health and Environmental Control, of Columbia, for Appellant/Respondent.

David Eliot Rothstein, of Rothstein Law Firm, P.A., of Greenville, for Respondent/Appellant.

**PER CURIAM:**  The Department of Health and Environmental Control (DHEC) issued an administrative order revoking James Davenport's EMT certification.

Davenport challenged that decision in a contested case before the Administrative Law Court (ALC) and prevailed. He thereafter sought fees and costs under section 15-77-300 of the South Carolina Code (Supp. 2020), contending the contested case was a "civil action" under the statute and offering several other arguments as to why the statute applied. The ALC awarded Davenport attorney's fees after finding DHEC acted without substantial justification when it revoked his certification.

DHEC argues the ALC did not have the power to award attorney's fees under section 15-77-300 because a contested case before the ALC is an "administrative action," not a "civil action." This court recently decided this precise issue in *Town of Arcadia Lakes v. South Carolina Department of Health & Environmental Control*, 433 S.C. 47, 855 S.E.2d 325 (Ct. App. 2021), and held contested cases are not civil actions because "[t]he ALC is an administrative body and part of the executive branch." *Id.* at 53, 855 S.E.2d at 328. We further held, "[a] plain reading of the words 'civil action' does not encompass contested administrative cases; a civil action 'is a proceeding in a judicial court, not an administrative court.'" *Id.* at 53, 855 S.E.2d at 328–29 (quoting *W. Watersheds Project v. U.S. Dep't of the Interior*, 677 F.3d 922, 926 (9th Cir. 2012)).

We adhere to *Arcadia Lakes* and find the ALC erred in awarding attorney's fees under section 15-77-300. The resolution of this issue is dispositive of all remaining issues in this case, including Davenport's arguments that the ALC should have awarded costs under Rule 54, SCRCP, and several related statutes. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when resolution of a prior issue is dispositive). Rule 54(d) states that "costs against the State, its officers, and agencies shall be imposed *only to the extent permitted by law*." (emphasis added). As with section 15-77-300, the statutes cited by Davenport only allow for an award of costs in a "civil action." *See, e.g.*, S.C. Code Ann. § 15-37-10 (2005); S.C. Code Ann. § 15-37-200 (2005).

Before conducting arguments here, the parties were invited to file supplemental briefs addressing *Arcadia Lakes*. Davenport's supplemental brief argued *Arcadia Lakes* was wrongly decided, but he also requested a remand in the event the court disagreed with that argument so the ALC could consider whether sanctions are appropriate under Rule 72 of the South Carolina Administrative Law Court Rules or the South Carolina Frivolous Civil Proceedings Sanctions Act. *See* S.C. Code Ann. § 15-36-10 (Supp. 2020).

It is not necessary for us to include a remand for Davenport to avail himself of any ability to seek redress under these statutes and rules. We express no opinion on whether the request is timely or whether an award would be appropriate as we believe the ALC should consider those issues in the first instance.

Based on the foregoing, the ALC's judgment is

**REVERSED.**

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**