NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 19 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DWIGHT WILLIAM RHONE,

Defendant - Appellant.

No. 24-7519

D.C. No.
3:23-cr-02576-JES-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
James E. Simmons, Jr., District Judge, Presiding

Argued and Submitted March 4, 2026
Pasadena, California

Before: WARDLAW and DE ALBA, Circuit Judges, and BROWN, District
Judge.[**]

Dwight William Rhone ("Rhone") challenges his conviction for being a

felon in possession of a firearm and ammunition in violation of 18 U.S.C.

§ 922(g)(1) on numerous grounds. We have jurisdiction pursuant to 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jeffrey Vincent Brown, United States District Judge
for the Southern District of Texas, sitting by designation.

§ 1291.  We affirm.

We review de novo a district court's denial of a motion to dismiss on double jeopardy grounds, *United States v. Zone*, 403 F.3d 1101, 1104 (9th Cir. 2005) (per curiam), but underlying factual findings are reviewed for clear error, *United States v. Ziskin*, 360 F.3d 934, 938 (9th Cir. 2003).  We review de novo due process claims alleging destruction of, or failure to preserve, potentially exculpatory evidence.  *United States v. Sivilla*, 714 F.3d 1168, 1172 (9th Cir. 2019).  Related factual findings, including the lack of bad faith, are reviewed for clear error.  *Id.*  We review a district court's denial of a motion to suppress de novo and the factual findings underlying its ruling for clear error.  *United States v. Ruiz*, 428 F.3d 877, 880 (9th Cir. 2005).  A district court's discovery rulings are reviewed for an abuse of discretion.  *United States v. Cano*, 934 F.3d 1002, 1023 n.15 (9th Cir. 2019).  "We review de novo issues involving waiver."  *United States v. Jackson*, 697 F.3d 1141, 1143 (9th Cir. 2012) (per curiam).

1.    Rhone appeals the denial of his motion to dismiss the Information on double jeopardy grounds.  He contends that he meets the exception articulated in *Bartkus v. Illinois*, 359 U.S. 121 (1959), to the dual sovereign doctrine because the state prosecution was a "sham" and a "cover" for the federal prosecution.  *See United States v. Figueroa-Soto*, 938 F.2d 1015, 1020 (9th Cir. 1991).  However, Rhone fails to point out any facts that would show impermissible collusion

2                                                                    24-7519

between the federal and the state governments. Instead, in support of his argument, Rhone notes that his arrest was initiated by Project Safe Neighborhoods, that the timing of the federal prosecution was strange, and that the federal prosecution served "no legitimate" interest. Taken at face value, these allegations are insufficient to meet the "extremely difficult and highly unusual" *Bartkus* exception. *Id.* at 1019. At most, Rhone's allegations show limited cooperation between the two sovereigns, but even "very close coordination in the prosecutions" does not offend double jeopardy. *Id.* at 1020. The district court correctly denied the motion to dismiss the Information.[1]

2. The district court correctly denied Rhone's motion to dismiss for the alleged destruction of, or failure to preserve, exculpatory evidence. First, the exculpatory nature of the Camaro was not apparent. The firearm, ammunition, and drugs were found on Rhone's person, and proving that the third brake light on the Camaro worked would not negate any element of either the felon in possession of a firearm or ammunition offenses. *See California v. Trombetta*, 467 U.S. 479, 489 (1984). Second, Rhone had an alternative "available means" to obtain comparable evidence because he could have asked his friend and owner of the Camaro, Mr.

---

[1] Because we find that the *Bartkus* exception is inapplicable, we need not address the applicability of the *Blockburger* test to determine whether Rhone was prosecuted twice for the same offense. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Clemons, to allow him to inspect it. *Id.* Lastly, because there was no "apparent exculpatory value" of the Camaro at the time it was released from impound, bad faith cannot be established. *See Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) (noting that unless a defendant "can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law"); *United States v. Cooper*, 983 F.2d 928, 931 (9th Cir. 1993) (finding that bad faith "turns on the government's knowledge of the apparent exculpatory value of the evidence at the time it was lost or destroyed").

3.      The district court properly denied Rhone's motion to suppress based on an alleged unlawful traffic stop. Here, based on the totality of the circumstances, the traffic stop was supported by reasonable suspicion. There is no dispute that California Vehicle Code § 24252(a)(1) requires a third brake light to be working properly. The officer who conducted the stop unequivocally and repeatedly stated that he observed the third brake light not working on more than one occasion before the Camaro came to a complete stop. The district court found the officer credible, and there is nothing in the record that suggests that the district court's credibility finding is clearly erroneous. *See United States v. Hodges*, 770 F.2d 1475, 1478 (9th Cir. 1985) (questions of credibility are generally immune from appellate review).

Whether the stop was pretextual is irrelevant if the traffic stop was based on reasonable suspicion. *See Whren v. United States*, 517 U.S. 806, 818–19 (1996) (a traffic stop based on reasonable suspicion under the Fourth Amendment is lawful, even if the ultimate charge was not related to the traffic stop). Also, the officers were not required to give a fix-it ticket for the traffic violation because "it [is] reasonable for the officers to view any traffic violations as inconsequential in light of [Rhone's] arrest." *See United States v. Willis*, 431 F.3d 709, 717 (9th Cir. 2005) (noting that Fourth Amendment case law "require[s] that the officers have reasonable suspicion to stop a driver for traffic infractions, not that the officers issue citations").

Accordingly, given the totality of the circumstances, the officers had specific, articulable facts that rise to the level of reasonable suspicion to effectuate the stop. *United States v. Hartz*, 458 F.3d 1011, 1017 (9th Cir. 2006).

4.      The district court did not abuse its discretion in denying Rhone's motion to compel some items of discovery under Federal Rule of Criminal Procedure 16. Rhone failed to establish materiality of these items because he failed to show that such information would be helpful to prepare his defense. *See United States v. Lucas*, 841 F.3d 796, 804 (9th Cir. 2016). But even if Rhone had shown materiality, he failed to show that he was prejudiced because the district court properly denied all of Rhone's pre-trial motions. *See United States v. Cruz*,

82 F.3d 856, 866 (9th Cir. 1996) ("To justify reversal for a discovery violation, the defendant must show a likelihood that the verdict would have been different had the government complied with the discovery rules." (internal quotation marks omitted)).

5.    Lastly, contrary to Rhone's argument, the federal government did not waive any legal positions. Rhone asserts that the government failed to address every authority Rhone cited and that it failed to contest various factual representations. But "we do not require a party to file comprehensive trial briefs on every argument that might support a position on an issue." *W. Watersheds Project v. U.S. Dep't of the Interior*, 677 F.3d 922, 925 (9th Cir. 2012). It suffices if the party takes a position and the district court rules on it—as it happened here. *See id.* Even if the government had failed to raise any issues or arguments before the district court, the waiver rule "does not apply where the district court nevertheless addressed the merits of the issue not explicitly raised by the party." *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260 n.8 (9th Cir. 2010) (internal quotation marks omitted). Here, as Rhone conceded, the district court addressed all the issues and ruled on them.

**AFFIRMED.**