FILED

MAR 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GLEN ANTHONY ROE,

        Plaintiff - Appellant,

  v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant - Appellee.

No. 12-17686

D.C. No. 2:11-cv-02003-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding

Argued and Submitted February 10, 2015
San Francisco, California

Before: PAEZ and BERZON, Circuit Judges, and EZRA, District Judge.[**]

Glen Anthony Roe appeals the district court's judgment affirming the

Commissioner's denial of supplemental security income ("SSI") benefits. We

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The Honorable David A. Ezra, District Judge for the U.S. District
Court for the District of Hawaii, sitting by designation.

have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for a new hearing.

In a hearing before an administrative law judge ("ALJ"), the claimant "is ultimately responsible for providing the evidence to be used in making the [residual functional capacity] finding," but the ALJ has "a special duty to fully and fairly develop the record," especially when the claimant is not represented by counsel. *Widmark v. Barnhart*, 454 F.3d 1063, 1068 (9th Cir. 2006) (internal citations and quotation marks omitted). An inadequate record that precludes proper evaluation of the evidence triggers this duty. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Here, Roe testified that he had a fungus on his hands and feet and eczema all over his body. At the time of the hearing, the only medical opinion assessing Roe's functional limitations was a consultative examination conducted prior to the time he began seeking treatment for his skin conditions. Medical records obtained after the hearing verified diagnoses of severe eczema and onychomycosis. The records, however, did not shed light on whether these conditions impaired Roe's functional ability. Without such information, the record was inadequate for the ALJ to evaluate properly whether Roe's eczema and onychomycosis imposed any functional limitations on his hands, feet, arms, and legs. Nonetheless, the ALJ

proceeded with his analysis and concluded that Roe could perform the full range of light work.

We agree with Roe that the ALJ failed to fully and fairly develop the record. First, upon learning about Roe's new eczema and onychomycosis diagnoses, the ALJ failed to refer Roe for a new consultative examination to reassess his functional limitations. *See* 20 C.F.R. §§ 416.912(e), 416.1444. Although the ALJ left the record open after the hearing to obtain records from Roe's current medical providers pursuant to 20 C.F.R. § 416.1444, those records documented only Roe's diagnoses and treatment history and did not opine on his ability to work. These additional medical records, without more, were insufficient to fully develop the record.

Second, during the hearing, the ALJ asked open-ended questions of Roe that were inadequate "to elicit the sort of information necessary to fully and fairly develop the record." *Widmark*, 454 F.3d at 1069. The ALJ asked Roe about his diagnosis and treatment history and asked general questions such as "What problems prevent you from working, actually prevent you from working . . . ?" The ALJ, however, never extended this inquiry to ask Roe how his skin conditions affected his ability to handle and grasp objects. Roe, who was unrepresented at the hearing, did not independently connect his skin conditions to specific functional

3

limitations. His failure to do so does not reasonably support the ALJ's inference that no such limitations existed. *See Widmark*, 454 F.3d at 1068.

Third, the ALJ failed to take testimony from Roe's sister, whose brief observation that Roe's skin conditions affected his ability to walk constituted relevant "other source" evidence. 20 C.F.R. § 416.913(d)(4); *see also Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006).

Because the ALJ failed to take these actions to fully and fairly develop the record, there was insufficient evidence to support his residual functional capacity determination and ultimate finding of no disability. Roe is entitled to a new hearing. Because we remand for a new hearing, we do not address Roe's remaining arguments.

**REVERSED AND REMANDED.**