**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLEN ANTHONY ROE, | No. 15-16927 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-02003-CKD |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding

Submitted May 23, 2016**
San Francisco, California

Before: PAEZ and BERZON, Circuit Judges, and EZRA,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David A. Ezra, District Judge for the U.S. District Court for the Western District of Texas, sitting by designation.

Glen Roe appeals the district court's denial of his motion for an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See Roe v. Comm'r of Soc. Sec.*, 599 F. App'x 651 (9th Cir. 2015) (reversing the Commissioner's denial of benefits). We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

A district court may decline to award EAJA attorneys' fees and costs to a prevailing party only if it "finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The Government's position is "substantially justified" within the meaning of the EAJA if it has a reasonable basis in law and fact at each stage of the underlying proceedings. *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) (citing *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998)).

We review for an abuse of discretion the district court's decision to award or deny EAJA fees, and its determination that the Government's litigation position is substantially justified. *United States v. Marolf*, 277 F.3d 1156, 1160 (9th Cir. 2002). The district court abuses its discretion if it fails to apply the correct legal rule, or if its application of the correct rule is illogical, implausible, or lacks factual support. *Meier v. Colvin*, 727 F.3d 867, 869–70 (9th Cir. 2013) (citing *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc)).

**1.** The district court abused its discretion when it failed to apply the proper legal rule in considering whether the Government's position was substantially justified within the meaning of the EAJA. In our merits disposition, we held that the administrative law judge ("ALJ") committed several procedural errors and failed to fairly and fully develop the administrative record. *Roe*, 599 F. App'x at 652. As a result of those errors, substantial evidence did not support the ALJ's eligibility and residual functional capacity analyses. *Id.* We reversed the district court's ruling with directions to remand the case to the agency for a new hearing, and we declined to reach Roe's other arguments. *Id.*

When we remand a social security case due to an ALJ's procedural error, the district court must evaluate "that procedural error and not the [determination] of ultimate disability" when considering the claimant's EAJA fees motion. *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995); *see Shafer*, 518 F.3d at 1071. Here, the district court cited its prior ruling affirming the ALJ's disability determination to conclude that the Government's position was objectively reasonable, and thus, substantially justified. In focusing on the merits of the underlying disability determination, the district court applied the incorrect legal rule to Roe's EAJA motion and abused its discretion.

**2.**     Well-established Ninth Circuit precedent provides that an ALJ commits legal error when it fails to follow the agency's regulatory procedures, *Reed v. Massanari*, 270 F.3d 838, 842–43 (9th Cir. 2001); ask a *pro se* claimant tailored questions to develop the administrative record, *Widmark v. Barnhart*, 454 F.3d 1063, 1069 (9th Cir. 2006); or consider or clarify lay witness testimony, *Tobeler v. Colvin*, 749 F.3d 830, 832–34 (9th Cir. 2014).  In similar cases, we have held that "the defense of basic and fundamental errors such as the ones in the present case" lacked substantial justification.  *Corbin*, 149 F.3d at 1053.  In Roe's case, the ALJ committed fundamental procedural errors similar to those errors identified in prior cases.  *See Tobeler*, 749 F.3d at 832–34; *Shafer*, 518 F.3d at 1071; *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Corbin*, 149 F.3d at 1052–53; *Flores*, 49 F.3d at 569.  Neither the ALJ's procedural errors nor the Government's defense of those errors was substantially justified.  Accordingly, Roe is entitled to EAJA attorneys' fees.  *See Shafer*, 518 F.3d at 1072.

**REVERSED AND REMANDED.**